**Lec LACA, aka Claudio Voldi, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5534–ag.

United States Court of Appeals, Second Circuit.

June 4, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Regan Hildebrand, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Lec Laca, a native and citizen of Albania, seeks review of a November 21, 2007 order of the BIA affirming the May 23, 2006 decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lec Laca,* No. A95 377 699 (B.I.A. Nov. 21, 2007), *aff'g* No. A95 377 699 (Immig. Ct. N.Y. City May 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Laca is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nevertheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). Where, as here, the BIA issues an opinion that fully adopts the IJ's findings and reasoning, we review the IJ's decision "as if it were that of the BIA." *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We find that substantial evidence supports the agency's conclusion that conditions in Albania have fundamentally changed such that Laca does not have a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1). We have held that where "changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims," the agency "need not enter specific findings premised on record evidence" when making its changed country conditions finding. *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006)(affirming the agency's finding that an applicant was ineligible for asylum or withholding of removal based on material political changes in Albania).

Here, the IJ and BIA properly relied on background evidence in the record to find that the government met its burden of showing that conditions in Albania had fundamentally changed such that Laca does not have a well-founded fear of persecution. *See id.* Under these circumstances, the agency properly denied Laca's application for asylum and withholding of removal. *See id.* at 187; *see also Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Laca failed to challenge the agency's denial of his application for CAT relief, we decline to review that denial. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.